**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOEY M. SEIDELMAN, III, #Y30152,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **WEXFORD HEALTH SOURCES,** ) <br> **DANIEL L. CONN, and** ) <br> **LANA NALEWAJKA,** ) <br> ) <br> **Defendants.** ) | Case No. 20-cv-00774-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Joey M. Seidelman, III, an inmate of the Illinois Department of Corrections currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts a claim for deliberate indifference to a serious medical need and seeks injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. In other words, Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).

Plaintiff's Complaint includes a one paragraph statement of claim. (Doc. 1, p. 6). Plaintiff states he injured his shoulder playing football in high school 5-6 years ago and has brought it to the attention of the Centralia medical staff. He alleges it took 4 months for x-rays he requested to be done and that the x-rays showed no bone damage or injury. He further alleges that the Centralia medical staff is avoiding his request to see the doctor for further medical help.

While Plaintiff names Wexford Health Services, Daniel Conn (Chief Executive Officer of Wexford Health Services) and Lana Nalewajka (Healthcare Administrator/ADA Coordinator) as defendants, he does not explain what role if any Conn or Nalewajka played in his medical care. Conn and Nalewajka cannot be held liable based solely on their positions as administrators as the doctrine of *respondeat superior* does not apply to section 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Thus, he fails to state a claim against them.

Plaintiff also fails to mention Wexford in his statement of claim. Merely naming a party in the caption of a Complaint is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Additionally, Wexford cannot be held liable based on *respondeat superior* and instead, is liable only if it had a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). There is nothing in the Complaint that suggests Wexford maintains a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a viable claim against Wexford as well.

## Disposition

Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on

or before **OCTOBER 26, 2020**. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00774-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under

28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 24, 2020

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**